### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EPC REAL ESTATE GROUP, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>YATES & YATES, LLC, )<br>)<br>and )<br>)<br>DENISE YATES, )<br>)<br>Defendants. ) | Case No. 2:21-cv-02383 |

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1) OR 12(b)(6)

COME NOW Defendants Yates & Yates, LLC, and Denise Yates, by and through their counsel of record, and pursuant to FRCP 12(b)(1), hereby move this Court for an Order dismissing Plaintiff's Verified Complaint for Damages and Injunctive Relief for the reason that this Court lacks subject matter jurisdiction.  Pursuant to FRCP 12(b)(6), Defendants additionally allege that Plaintiff has failed to state a claim upon which relief can be granted.  In support of this Motion, Defendants state as follows:

1. On September 1, 2021, Plaintiff EPC Real Estate Group, LLC, filed a Verified Complaint for Damages and Injunctive Relief against the Defendants.

2. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

3. Plaintiff EPC Real Estate Group, LLC, asserts in paragraph 6 of the Complaint the parties are diverse and there is jurisdiction pursuant to 28 U.S.C. § 1332.

4. The Complaint does not include the citizenship of all members of the LLC, which is required to allege citizenship of an LLC. *United States Liab. Ins. Co. v. Maxac, LLC*, No. 21-1133-JWB, 2021 WL 2577458, at *2 (D. Kan. June 23, 2021).

5. Upon information and belief, at least one of the members of EPC Real Estate Group, LLC (Michael J. McKeen), is a Missouri citizen as of September 1, 2021, when this litigation started. [Exhibit 1, Declaration of Denise Yates, ¶¶ 6-7] [Exhibit 4] Consequently, EPC Real Estate Group, LLC, has Missouri citizenship and is not diverse from the Plaintiffs, which are Missouri citizens. [Exhibit 1, ¶¶ 2-3]

6. Plaintiff EPC Real Estate Group, LLC, asserts in paragraph 5 of the Complaint that the Court has subject matter jurisdiction over EPC's federal claims pursuant to 28 U.S.C. § 1331.

7. Defendants dispute federal question jurisdiction over the federal claims because they are "wholly insubstantial and frivolous." *See Bricker v. Kansas*, No. 16-CV-02283-DDC-GLR, 2017 WL 568670, at *5 (D. Kan. Feb. 13, 2017) *citing Shapiro v. McManus*, 577 U.S. 39, 44 (2015).

8. Questions of standing implicate a federal court's subject matter jurisdiction. *Est. of Devilbiss by & through Devilbiss v. Meade Cty., Kansas Bd. of Cty. Commissioners*, No. 19-2490-JWB, 2021 WL 1172026, at *5 (D. Kan. Mar. 29, 2021)

9. Defendants challenge standing over each of these federal claims to the extent Plaintiff EPC Real Estate Group, LLC, fails to plead an injury and/or alleges an injury that properly belongs to one of its affiliated companies: for example, EPC Global Investments, LLC, or ePartment Communities, LLC.

10. Plaintiff EPC Real Estate Group, LLC, asserts in paragraph 5 of the Complaint that the Court has subject matter jurisdiction over EPC's state law claims through supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11. Defendants assert that supplemental jurisdiction is not present because the Court does not have original jurisdiction or because Plaintiff has not proved that the state law claims are a part of the same case or controversy.

12. Defendants alternatively request that, if the Court has original jurisdiction, that it decline to exercise supplemental jurisdiction.

13. If the Court finds it has jurisdiction over this action, Defendants request that the Court dismiss Counts II through VII for failure to state a claim upon which relief can be granted.

14. Defendants request that if this Court finds it has the power to do so, that Defendants are awarded attorney fees under the fee-shifting provision of the trade secrets statutes, K.S.A. 60-3323 and 18 U.S.C. § 1836(b)(3)(D)

WHEREFORE, Defendants respectfully move, for the reasons described herein and in the Suggestions, that this Court dismiss the Complaint for lack of subject matter jurisdiction. In the alternative, Defendants move that this Court dismiss the Complaint for failure to state a claim upon which relief can be granted. If the Complaint is dismissed on its merits, Defendants request that the dismissal order specify that it is without prejudice to Defendants' own claims. Additionally, if the Court is able, Defendants request reasonable attorney fees for the defense of this Complaint.

Respectfully submitted,

**BROUS LAW LLC**

*/s/ Carrie M. Brous*
Carrie M. Brous, KS #18157
3965 West 83rd Street, #115
Prairie Village, KS 66208
Tel: (913) 209-8596
cbrous@brouslaw.com

**ATTORNEY FOR DEFENDANTS**

CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2021, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all parties receiving CM/ECF notifications in this case.

*/s/ Carrie M. Brous*
Carrie M. Brous, KS #18157
Attorney for Defendants