**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| EPC REAL ESTATE GROUP, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 21-2383-JWB |
| v. | ) | |
| | ) | |
| YATES & YATES, LLC and | ) | |
| DENISE YATES, | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER**

The parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals of this action. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because they expect to be presented with discovery requests seeking the production of documents and/or information that Plaintiff claims to contain trade secrets, which Defendants deny, and that the parties may claim to contain confidential, and/or proprietary information, or information of a personal or financial nature. They agree that the unprotected disclosure of trade secret, confidential, and/or proprietary information or information of a personal or financial nature may be harmful to the party producing the information and/or harmful to third parties in that it may cause personal and professional harm to the producing party, and/or to the producing party's representatives or agents, in the form of, among other things, annoyance, embarrassment, unfair competitive advantage, loss of personal and/or professional

1

reputation, and/or loss of business or employment opportunity. Therefore, the parties desire to memorialize a framework regarding the disclosure of discovery materials claimed to be trade secrets, confidential, and/or proprietary that are produced in connection with this matter.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

1.     **Scope.**   All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Protected Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.     **Definition of Protected Information.**   As used in this Order, "Protected Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use may be restricted by statute *or* could potentially cause harm to the interests of the disclosing party or nonparties.   For purposes of this Order, the parties will limit their designation of "Protected Information" to the following categories of information or documents: (1) confidential and proprietary business records, customer and prospective customer information, and other trade secrets, including email correspondence related to such records, information, and trade secrets; (2) financial statements and records, including email correspondence related to the same; (3) employee personnel files and information; and (4) business and marketing plans and information, including email correspondence related to the same.

Information or documents that are available to the public may not be designated as Protected Information.

3.   **Definition of Highly Confidential Material.**   Highly Confidential Material is defined as Protected Information that contains highly-sensitive trade secrets or other highly-sensitive competitive or confidential information, disclosure of which to another party would result in demonstrable harm to the disclosing party.   A party may further restrict the disclosure of Protected Information that contains Highly Confidential Material by designating it as Attorneys' Eyes Only as set forth in this Protective Order.

4.   **Form and Timing of Designation.**   The producing party or the receiving party may designate documents, interrogatory answer(s), or testimony as containing Protected Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL – ATTORNEYS' EYES' ONLY" or "CONFIDENTIAL" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. If it is impracticable to mark something with such a legend (e.g., information contained on a computer hard drive), the designation may be made in writing. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Protected Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Protected Information are not required to be marked. By marking a designated

document as confidential, the designating attorney or party appearing pro se thereby certifies that the document contains Protected Information as defined in this Order.

5.    **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Protected Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within thirty (30) days after discovery of the inadvertent failure. Upon receipt of such notice, counsel shall immediately take action to maintain and restrict the use of such information in accordance with the terms of this Order.

6.    **Depositions.** All deposition transcripts in this action shall be treated by all parties as provisionally protected as Protected Information for a period of fourteen (14) calendar days following receipt of the transcripts (unless a longer period is agreed to in writing between counsel for all of the parties). Within the fourteen (14) day period, any party may designate particular portions of a transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information by giving written notice of such designation to every other party to the action. Alternatively, any party may, on the record at the deposition, designate deposition testimony as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order. If another party challenges the designation the deposition should immediately pause while the other parties confer over the designation. If the parties do not agree, they shall attempt to confer with the Magistrate Judge. To the extent possible, the party making the designation shall be responsible for assuring those portions of the deposition transcript and exhibits designated as Protected Information are appropriately bound by the reporter. Designations of deposition testimony must be specific as to the portions of the transcript and/or any exhibits to be

protected. Failure of a party to so designate any particular portion of the transcript establishes that such portion is not subject to this Order; however, deposition exhibits that were previously designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall retain any such designations.

> **7.    Protection of Protected Information.**

> **(a)    General Protections.**  Designated Protected Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one of the parties to this litigation.

> **(b)    Protected Information Designated as Confidential.**  Except with the prior written consent of the designating party or prior order of the court, designated Protected Information marked as "CONFIDENTIAL" may only be disclosed to the following persons:

> > (1)    the parties to this action, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

> > (2)    counsel for the parties (including without limitation, counsel for all of the parties in this action and in-house counsel for the parties) and their paralegals, law clerks, and clerical staff who are providing active assistance with this action;

> > (3)    the Court, or any Court personnel, including any special master appointed by the court, and members of the jury;

> > (4)    Court reporters, recorders, and videographers engaged for depositions;

> > (5)    any mediator appointed by the court or jointly selected by the parties;

> > (6)    any persons testifying at a deposition during such testimony;

> > (7)    any expert witness, outside consultant, or investigator retained specifically in connection with this action, but only after such

persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(8) any actual or potential fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(9) any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing;

(10) independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this action; and

(11) other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)    Protected Information Designated as Attorneys' Eyes Only.**  Except with the prior written consent of the designating party or prior order of the court, designated Protected Information marked as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be exhibited or disclosed to the following persons:

(1) the Court, or any Court personnel, including any court reporter or typist recording or transcribing testimony in this action;

(2) Counsel for the parties (including without limitation, counsel for all of the parties in this action and in-house counsel for the parties) and their paralegals, law clerks, and clerical staff who are providing active assistance with this action;

(3) any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing;

(4) any expert, consultant or technical advisor retained or employed by any party for the purposes of this action, provided that said experts, consultants or technical advisors have executed the certification contained in Attachment A; and

(5) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided

that said person has executed the certification contained in Attachment A.

**(d)     Control of Documents.**   The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Protected Information pursuant to the terms of this Order.   The recipient of any Protected Information provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use, so long as it remains so designated.

**8.     Filing of Protected Information.**   If a party seeks to file any document containing Protected Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.   Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.   The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets.   The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.   If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

**9.     Challenges to a Confidential Designation.**   The designation of any material, information, testimony, or document as Protected Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, though, the objecting party

must meet and confer in good faith to resolve the objection informally without judicial intervention.   If the parties are unable to resolve the dispute within five (5) business days after receiving written notice of the dispute, then the designating party may, within ten days after the expiration of the aforementioned five-day period, file a motion with the Court seeking the Court's approval of the designation.   Any motion challenging a confidentiality designation must identify the challenged material and set forth in detail the basis for the challenge; the parties must arrange a telephone conference with the undersigned magistrate judge *before* filing such a motion.   The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.   Until the court rules on the challenge, all parties must continue to treat the materials as Protected Information under the terms of this Order.

10.     **Use of Protected Information at Trial or Hearing.**   Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.   A party that intends to present or anticipates that another party may present Protected Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Protected Information.   The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11.     **Obligations on Conclusion of Litigation.**

(a)     **Order Remains in Effect.**   Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation, except with respect to documents that are no longer confidential.

(b)     **Return of Confidential Documents.**   After written notice by the producing party and within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Protected

Information, including copies as defined above, must be returned to the party who previously produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return and certify by affidavit to the producing party as to the destruction; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certify by affidavit to the producing party that it has done so;

        **(c)**      **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Protected Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.   This work product will continue to be confidential under this Order.   An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Protected Information.

    **12.**    **Order Subject to Modification.**  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter.   The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

    **13.**    **Enforcement of Protective Order.**   Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

    **14.**    **No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.

Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Protected Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c), is entitled to trade secret protection, or otherwise until such time as the court may rule on a specific document or issue.

15. **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

16. **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Protected Information until they execute and file their written agreement to be bound by the provisions of this Order.

17. **Protections Extended to Third-Party's Protected Information.** The parties agree to extend the provisions of this Protective Order to Protected Information produced in this case by third parties, if timely requested by the third party.

18. **Protected Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Protected Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must, within seven (7) days, inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Protected Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Protected Information designated by the other party to this case.

**19.     Disclosure of Protected Information Covered by Attorney-Client Privilege or Work Product.**   Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Protected Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent

with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

**IT IS SO ORDERED.**

Dated:   December 20, 2021, at Kansas City, Kansas.

 James P. O'Hara          
James P. O'Hara
U.S. Magistrate Judge

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

*/s/ Samantha J. Monsees*

Melody L. Rayl          KS Bar # 23730
Samantha J. Monsees     KS Bar # 25936
**FISHER & PHILLIPS, LLP**
4900 Main Street, Suite 650
Kansas City, MO   64112
Phone: (816) 842-8770
Facsimile: (816) 842-8767
Email:   mrayl@fisherphillips.com
Email:   smonsees@fisherphillips.com

*ATTORNEYS FOR PLAINTIFF*
*EPC REAL ESTATE GROUP, LLC*

**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**

*/s/ Carrie M. Brous*

Carrie M. Brous    KS Bar # 18157
Brous Law LLC
3965 W. 83rd Street
Suite 115
Prairie Village, KS 66208
Phone:  913.209.8596
Email:   cbrous@brouslaw.com

*ATTORNEYS FOR DEFENDANTS DENISE*
*YATES AND YATES & YATES, LLC*

**ATTACHMENT A**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *EPC Real Estate Group, LLC v. Yates & Yates, LLC and Denise Yates*, Case No. 2:21-CV-02383-JWB-JPO and attached hereto, understands the terms thereof, and agrees to be bound by its terms.   The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Protected Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Protected Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   _____
Signature