UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EPC REAL ESTATE GROUP, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 21-2383-JWB |
| | ) |
| YATES & YATES, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

At the request of the parties, the undersigned U.S. Magistrate Judge, James P. O'Hara, convened a discovery-dispute conference by telephone on January 3, 2022. The plaintiff, EPC Real Estate Group, LLC ("EPC"), appeared through counsel, Melody L. Rayl and Samantha J. Monsees. The defendants, Yates & Yates, LLC and Denise Yates, appeared through counsel, Carrie M. Brous and Cristina Olson. The purpose of the conference was to address certain responses and objections by defendants to plaintiff's opening interrogatories and document requests, mindful that a preliminary-injunction hearing is rapidly approaching on January 21, 2022, before the presiding U.S. District Judge, John W. Broomes. Before the conference, the parties e-mailed to chambers their "Joint Summary of Discovery Disputes." A copy of that summary is attached to this order to preserve the record. During the conference and for the reasons set forth on the record, the court made the following rulings:

1

A. Interrogatories at Issue

Disappointingly, it's apparent defendants ignored the court's strong and explicitly detailed admonition during the December 16, 2021 scheduling conference about asserting boilerplate or otherwise unsupportable objections to written discovery requests in this fast-tracked case. *See also* ECF No. 39 at 12. It's equally apparent defendants haven't familiarized themselves with well-established discovery caselaw in the District of Kansas. As stated on the record during the January 3, 2022 discovery conference, *all* of the objections asserted by defendants in their responses plaintiff's interrogatories are overruled.[1] Defendants shall serve supplemental interrogatory responses, fully responding without objection,[2] by **4:00 p.m. on January 5, 2022**.

B. Document Requests at Issue

The vast majority of defendants' objections to plaintiff's document requests were overruled. More specifically, defendants' objections to producing information regarding their interactions with plaintiff's customers were overruled. The parties ultimately agreed responsive documents could be produced under the heightened "attorneys' eyes only"

---

[1] This included any work-product objection to identifying witnesses, though defendants stated they had not withheld the identity of witnesses on such a basis.

[2] The parties should, of course, take into consideration any modifications to the discovery requests that they have agreed upon during the "meet-and-confer" process. But it should be noted the parties haven't provided the court any specific information in this regard.

protection afforded by the stipulated protective order filed on December 20, 2021.[3] Defendants' objections based on undue burden, which conspicuously haven't been supported by affidavit or by anything else in the record about even the approximate amount of time or money that would be spent in responding, were overruled. Defendants' objections based on proportionality failed under the court's balancing of the six pertinent factors set forth in Fed. R. Civ. P. 26(b). Similarly, undue burden and proportionality objections to producing information regarding Denise Yates's competitive conduct before her termination from EPC were overruled for the same reasons. The court denied defendants' request for more time to research and brief their relevance objections under the so-called inevitable-disclosure doctrine, as the court deemed such information relevant for discovery purposes regardless of whether the above-referenced doctrine might ultimately afford a defense to some or all of plaintiff's trade-secret disclosure claims.

However, defendants' work-product objections were sustained to the very limited extent that some of plaintiff broadly phrased document requests can reasonably be read to include materials that merely were "reviewed," "considered," or "relied upon" in the process of responding to discovery, interviewing witnesses, preparing for the upcoming preliminary-injunction hearing, or defending the case in general. So, Denise Yates's objections to Document Request Nos. 1, 14-17, and 23, and Yates & Yates, LLC's objections to Document Request Nos. 19-22 and 29, were sustained.

---

[3] ECF No. 41.

Defendants were ordered to produce responsive documents (other than those ruled protected by the work-product doctrine) to the document vendor with whom both sides are working (Complete Legal), by **4:00 p.m. on January 5, 2022,**[4] along with a firm request that Complete Legal make those documents accessible by plaintiff within 24 hours thereafter.

IT IS SO ORDERED.

Dated January 4, 2022, at Kansas City, Kansas.

    s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[4] The parties agreed this production would not include documents Yates took from EPC that are stored on Yates's electronic devices.